# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:19CV-00041-JHM**

**ESTATE OF NICHOLAS EUGENE MCMAIN**                       **PLAINTIFF**
**By and through Angie Bullock, Administratrix**

**v.**

**JEAN NOFFSINGER**                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Jean Noffsinger, to dismiss Plaintiff's Second Amended Complaint against her [DN 40]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

On September 5, 2018, Nicholas McMain died while an inmate at the Ohio County Detention Center in Hartford, Kentucky. Plaintiff, Estate of Nicholas Eugene McMain, by his Administratrix Angie Bullock, brought this action on April 5, 2019, for violations of McMain's rights under the Eighth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983, negligence, wrongful death, failure to train, and failure to supervise. [DN 1]. In the original complaint, Plaintiff asserted claims against the City of Hartford, Jailer Gerry Wright, Howard Dean Minton, Jason Geary, and Chad Woods. On April 16, 2019, Plaintiff filed an amended complaint adding Mayor George Chinn in his individual capacity. On December 19, 2019, Plaintiff filed a motion for leave to add additional parties. [DN 34]. The motion was granted. [DN 36]. The second amended complaint added Jean Noffsinger as a defendant in this matter. [DN 37]. After the newly filed second amended complaint, Noffsinger filed this motion to dismiss arguing that Plaintiff's claims against her are barred by the applicable statute of limitations.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Noffsinger moves to dismiss the claims against her arguing that the claims are barred by the statute of limitations. In response to this argument, Plaintiff argues that Noffsinger waived the right to raise a statute of limitations defense because her counsel agreed to extend the scheduling order deadline to add additional parties and failed to object to Plaintiff's motion to add an additional party.

Initially, the Court finds that Noffsinger did not waive the applicable statute of limitations. Until the complaint was amended, Noffsinger was not a party to the present action, and, therefore, she had no obligation to respond. She has timely raised the statute of limitations affirmative

defense in her motion to dismiss.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1). Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990). The statute of limitations for wrongful death claims brought under KRS § 411.130 is also one year. Gaither v. Commonwealth, 161 S.W.3d 345, 346 (Ky. Ct. App. 2004) (quoting Conner v. George W. Whitesides Co., 834 S.W.2d 652, 653–654 (Ky. 1992)). KRS § 413.180(1) extends the time for filing an action resulting in the death of a person for up to one year after the qualification of the decedent's personal representative. Conner, 834 S.W.2d at 655. McMain died on September 5, 2018, and Bullock was appointed executrix of his estate on October 18, 2018. Accordingly, Bullock had one year following her qualification as executrix, or until October 18, 2019, to file suit against any remaining defendants for McMain's death. Plaintiff's motion for leave to add additional parties was filed on December 19, 2019. [DN 34]. The second amended complaint added Noffsinger as an additional defendant [DN 37] and is untimely absent a relation back to the original complaint or amended complaint.

If a motion to amend a complaint is filed after the expiration of the statute of limitation, Fed. R. Civ. P. 15(c)[1] allows an amended complaint to relate back to the original date of filing.

---

[1] Subsection (c) of Rule 15 states that an amendment to a pleading relates back to the original time of filing when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(A)–(C).

"The purpose underlying the 'relation back' doctrine is to permit amendments to pleadings when the limitations period has expired." Shillman v. United States, No. 99-3215, 221 F.3d 1336, 2000 WL 923761 (6th Cir. June 29, 2000). However, relation back is only available when changing a party because there was "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). See also Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010) (emphasis in original).

Here, Noffsinger is clearly a new party. Plaintiff does not contend that there was some mistake regarding the identities of the new defendant. To the contrary, Plaintiff asserts that the estate gained knowledge of Noffsinger's identity through discovery. The Sixth Circuit has indicated a plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)[(1)(C)(ii).]" Moore v. Hopkins Cty., Kentucky, No. 4:17CV-00039-JHM, 2017 WL 3097530, at *3 (W.D. Ky. July 20, 2017) (quoting Moore v. Tennessee, 267 F. App'x 450, 455 (6th Cir. 2008)). "Stated differently, relation back is permitted under current Sixth Circuit law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but not when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired." Moore v. Hopkins Cty., Kentucky, 2017 WL 3097530, at *3 (quoting Hiler v. Extendicare Health Network, Inc., No. 5:11-CV-192-REW, 2013 WL 756352, *3–4 (E.D. Ky. Feb. 26, 2013)); see also Ham v. Sterling Emergency Servs. of the Midwest, Inc., 575 F. App'x 610, 615–17 (6th Cir. 2014); Brown v. Cuyahoga County, Ohio, 517 Fed. Appx. 431, 434 (6th Cir. 2013); Medley v. Shelby Co., Ky., No. 13-CV-35-GFVT, 2015 WL 2041780 (E.D. Ky. Apr. 30, 2015) (Plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period.); Jadco Enterprises, Inc. v. Fannon, No. CIV.A.

6:12-225-DCR, 2013 WL 6055170 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); Cox v. Treadway, 75 F.3d 230 (6th Cir. 1996)) (a plaintiff's lack of knowledge of the identities of the jail employees is not a reason to relate back after the statute of limitations has expired).

Here, "Rule 15(c) offers no remedy for this problem." Smith v. City of Akron, 476 F. App'x 67, 69 (6th Cir. 2012). Consequently, the claims against Noffsinger set forth in the second amended complaint cannot relate back to the original complaint or amended complaint for purposes of applying the statutes of limitation to those claims. As such, the claims against Noffsinger are time-barred and must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss the second amended complaint against Defendant, Jean Noffsinger, [DN 40] is **GRANTED.**

.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

March 4, 2020